# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

MICHAEL LAVON BOSTIC, )
)
    Plaintiff, )
)
v. )   Case No. CV415-113
)
KARL IRVING KNOCHE, )
*Assistant U.S. Attorney*, )
)
    Defendant. )

## **REPORT AND RECOMMENDATION**

Proceeding *pro se*, Michael Lavon Bostic has filed a 42 U.S.C. § 1983 complaint against Assistant United States Attorney Karl Knoche, alleging that he advanced false evidence and thus defamed him while "pressuring" him into pleading guilty to federal charges. Doc. 1 at 1-5. He filed this case just days after receiving a 48-month sentence for violating 21 U.S.C. § 843(b), 21 U.S.C. § 843(d)(1) (unlawful use of communication facility). *United States v. Bostic*, CR413-007, doc. 721 (S.D. Ga. Apr. 22, 2015); *see also id.*, doc. 758 (his still-pending appeal). Bostic seeks an apology from Knoche, along with $2.5 million for his pain and suffering. CV415-113, doc. 1 at 5.

Upon preliminary review,[1] plaintiff's complaint must be **DISMISSED** because, among other things, all of the factual allegations go to the way Knoche undertook his prosecutorial duties. Hence, Knoche is immune from suit. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 409 (1976). Indeed, a prosecutor is entitled to absolute immunity for initiating a prosecution even if he did so with malicious intent. *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013); *Jackson v. Ruffini*, 2015 WL 6964676 at * 1 (S.D. Ga., Nov. 10, 2015); *Mellen v. Florida*, 2014 WL 5093885 at * 9 (M.D. Fla. Oct. 9, 2014).

Also, his defamation claim fails as a matter of law. "Defamation, by itself, is a tort actionable under the law of most States, but not a constitutional deprivation." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991). Accordingly, a simple defamation claim against a state official, unaccompanied by the denial of some other legal right or status, is not

---

[1] Bostic proceeds *in forma pauperis* (docs. 3, 4 & 5), so the Court is screening his case under 28 U.S.C. § 1915(e)(2)(B)(ii) to determine whether he has stated a plausible claim for relief. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief). *Pro se* complaints are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

actionable under § 1983. *Paul v. Davis*, 424 U.S. 693, 711-12 (1976) (injury to reputation alone does not deprive the defamed party of any right safeguarded by the Constitution); *Von Stein v. Brescher*, 904 F.2d 572 (1990) (sheriff's defamatory comments following plaintiff's arrest did not deprive plaintiff of any constitutionally protected interest); *Walker v. Atlanta Police Dep't Public Affairs Unit*, 322 F. App'x. 809, 810 (11th Cir. 2009) ("a claim by a police officer is not actionable under 42 U.S.C. § 1983").[2]

Finally, "a prisoner in [federal] custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Bostic is not challenging the federal criminal charges to which he pled guilty, doc. 1 at 4, nor seeking immediate release from the prison where he is now detained -- that would otherwise relegate him to his federal direct and collateral appeal remedies. *Preiser v. Rodriguez*,

---

[2] A § 1983 cause of action may arise where, in addition to damaging plaintiff's reputation, the state official's conduct deprives plaintiff of some tangible interest (such as employment) protected by the Due Process clause. *Cypress Insur. Co. v. Clark*, 144 F.3d 1435 (11th Cir. 1998). This "stigma plus" standard requires plaintiff to show that the official's conduct deprived him of some recognized property or liberty interest in addition to damaging his reputation. *Id.* at 1436. Here, Bostic has asserted no more than a garden-variety defamation claim, unaccompanied by any allegation of a constitutionally recognized injury.

3

411 U.S. 475, 500 (1973). But the substance behind his "defamation" claim is a prosecutorial misconduct claim for which plaintiffs typically seek damages for an allegedly unconstitutional conviction or imprisonment. That claim is otherwise initially available only through direct appeal if not habeas channels. *Cf. Wilkinson*, 544 U.S. at 79 ("[H]abeas corpus actions require petitioner fully to exhaust state remedies, which § 1983 does not.").

Hence, to the extent Bostic *sub silentio* seeks to masquerade a prosecutorial misconduct claim as a defamation claim, it is *"Heck*-barred." *See Cox v. Ashcroft*, 603 F. Supp. 2d 1261, 1273 (E.D. Cal. 2009) (prisoner's § 1983 claims against United States Attorney General and several federal prosecutors were based on incidents surrounding alleged unlawful arrest and conviction, and thus claims were barred by habeas exhaustion requirement of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), where prisoner had challenged his conviction and sentence in every available forum, and yet his conviction had not been reversed, expunged, or declared invalid at any level); *see also Cardona v. United States*, 191 F. App'x 327, 328 (5th Cir. 2006) (dismissing *Bivens* claims against federal prosecutors pursuant to *Heck*); *Davis v. Van Hook*, 2014

WL 1248291 at * 2 (W.D. La. Mar. 25, 2014) (dismissing, as *Heck*-barred, *Bivens* claim for prosecutorial misconduct against federal prosecutor); *Casby v. Riehlman*, 2015 WL 1873210 at * 3 (E.D. La. Apr. 23, 2015) (same, and noting that "[a]lthough *Heck* addressed a state conviction, its reasoning has since been extended to likewise prohibit civil rights actions which, as here, would impugn a federal conviction.").

Given the sheer frivolity of Bostic's complaint, it must be **DISMISSED WITH PREJUDICE** and a re-pleading option is not warranted. *Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying Dysart's request to amend her complaint because an amendment would have been futile."); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010); *Simmons v. Edmondson*, 225 F. App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the defendants' immunity). This case should also be recorded as a "strike" under 28 U.S.C. § 1915(g).

Meanwhile, it is time for Bostic to pay his filing fee, which is to be collected *in addition* to the $350 filing fee in his other cases (hence, a

total of $1050)[3] -- *Bostic v. Chatham Cty. Jail*, CV415-117; *Bostic v. C.N.T.*, CV415-114. His furnished PLRA paperwork reflects $514.17 in average monthly deposits over the six month period prior to the date of

---

[3] Some courts treat the fee issue differently, and the divergences arise from the way they interpret 28 U.S.C. 1915(b). When a prisoner "brings a civil action or files an appeal" IFP, he "shall be required to pay the full amount of a filing fee." 28 U.S.C. 1915(b)(1). But he does so through an installment plan -- he pays "an initial partial filing fee" of 20% of his average monthly deposits or income (whichever is greater), followed by "monthly payments" of 20 percent of his preceding month's income. 28 U.S.C. 1915(b)(1) and (2).

The court in *Pinson v. Samuels*, 761 F.3d 1 (D.C. Cir. 2014) held that § 1915(b) requires a prisoner who has filed multiple cases and thus incurred multiple filing fees to pay them simultaneously. Thus, multiple-case fees are stacked to be paid, under the 20% rule, at the same time. *Id.* at 7-10. That is the "per case" approach. *Id.* Successfully petitioning for *certiorari* in that case, 2015 WL 241878, *cert. granted sub nom, Bruce v. Samuels*, 135 S. Ct. 2833 (2015), Antoine Bruce argued the "per prisoner" approach. That is, § 1915(b)'s "monthly payments" language refers to all cases an inmate has filed (hence, per prisoner), so he should only have to pay 20% of his monthly income no matter how many case filing fees he may owe. 2015 WL 241878 at * 19-22 (per prisoner, rather than per case approach). *Bruce* was orally argued on November 4, 2015.
http://www.supremecourt.gov/oral_arguments/argument_transcripts/14-844_4fci.pdf

Other courts have applied the per prisoner interpretation. *Grenning v. Stout*, ___ F. Supp. 3d ___, 2015 WL 6693118 at *6 (E.D. Wash. Nov. 3, 2015) (applying per-*prisoner*, rather than per-*case* basis interpretation, and expressly adopting the reasoning of *Siluk v. Merwin*, 783 F.3d 421, 426 (3rd Cir. 2015) (per prisoner interpretation)). Although the Eleventh Circuit has not ruled on this precise issue, it has, in requiring multiple prisoners to each pay a filing fee instead of joining their suits together and paying just one, leaned on Congress' interest in preventing abusively frivolous litigation through financial deterrence. *See, e.g., Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001) (PLRA did not permit group of prisoners to join claims and thereby divide single mandatory filing fee among them, regardless of prisoners' contention that federal joinder rule governed and that their claims arose out of same transaction or occurrence and involved common question of law; PLRA required separate action and payment of full filing fee by each prisoner). This Court will do likewise and apply the per case interpretation to an inmate flinging frivolous lawsuits at this Court. Doing so appropriately underscores PLRA's heartland (deterrence) value.

his Prison Account Statement. Doc. 5. He therefore owes a $102.83 initial partial filing fee. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore shall remit the $102.83 initial partial filing fee and shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this R&R to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED** this __17th__ day of December, 2015.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA